IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARILYN M. ROBINSON,

    Plaintiff,

v.                                      Civil Action No. 5:10CV96
                                                  (STAMP)
BUSY BEAVER BUILDING CENTERS, INC.
d/b/a BUSY BEAVERS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO
EXCLUDE TESTIMONY OF DONALD LYONS;
DIRECTING PLAINTIFF TO FILE
SUPPLEMENTAL REPORT OF DR. LYONS AND
DENYING DEFENDANT'S REQUEST FOR ATTORNEY'S FEES**

I.    Background

On August 19, 2010, the plaintiff in the above-styled civil action, Marilyn M. Robinson, filed a complaint in the Circuit Court of Marshall County, West Virginia alleging that the defendant, Busy Beaver Building Centers, Inc. ("Busy Beaver"), negligently placed railroad ties in such a manner as to cause her to trip and fall near the outside rear of the store as she was picking up mulch that she had previously purchased. According to the plaintiff, Busy Beavers had systematically placed the railroad ties in a dangerous position in an area where customers pick up their purchases. The case was removed to this Court on September 20, 2010.

On December 27, 2011, the defendant filed a motion to exclude the testimony of Donald Lyons, Ph.D., who the plaintiff has designated as an expert in the field of safety, safe walkway surfaces, risk analysis, and other related areas. In support of

its motion to exclude, the defendant argues that Dr. Lyons' testimony improperly invades the province of the jury as the trier of fact because it does not articulate legal or industry standards which would assist the jury in determining whether the conduct of this defendant breached some duty of care. Further, the defendant argues that the Court should exclude the evidence under Rule 702 of the Federal Rules of Evidence because it does not meet the standard of reliability or relevance required under that rule.

The plaintiff filed a response on January 24, 2012, in which she argues that Dr. Lyons' testimony should be permitted because it would assist the trier of fact in determining whether the defendant violated applicable safety standards in negligently placing, stacking, and/or positioning the railroad ties that allegedly caused the plaintiff's injuries.

On January 30, 2012, the defendant filed a reply reiterating its previous arguments. In its reply, the defendant also highlights the fact that the plaintiff's response was filed late and asserts that the plaintiff has been unresponsive to its attempts to resolve this discovery dispute.

## II. Applicable Law

The introduction of expert opinion testimony is governed by Rule 702 of the Federal Rules of Evidence, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 requires the trial judge to "ensure that any and all scientific testimony or evidence is not only relevant, but reliable." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). This "gatekeeping" obligation applies to all expert testimony, and not just the scientific testimony at issue in Daubert. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 148 (1999). Importantly, "rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 advisory committee's note.

The first prong of this inquiry necessitates an examination of whether the reasoning and methodology underlying the expert's proffered opinion is reliable -- that is, whether it is supported by validation adequate to render it trustworthy. See Daubert, 509 U.S. at 590 & n.9. As the Supreme Court explained in Daubert, the subject of an expert's testimony must be scientific knowledge, meaning that it is grounded in the methods and procedures of science and consists of more than subjective belief or unsupported speculation. Id. at 590.

The second prong of the inquiry requires an analysis of whether the opinion is relevant to the facts at issue. See id. at 591-92. Daubert delineates five factors to assist the trial court in determining whether an expert's testimony will assist the trier of fact: (1) whether the expert's technique can be tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential rate of error associated with a technique; (4) if standards control the use of a technique; and (5) if the technique is generally accepted within the scientific community. Id. at 593-94. While the Supreme Court stated that those factors are designed to assist courts, the Court also cautioned, "[t]he inquiry envisioned by Rule 702 is, we emphasize, a flexible one. Its overarching subject is the scientific validity -- and thus the evidentiary relevance and reliability -- of the principles that underlie a proposed submission." Id. at 594-95. Therefore, the trial judge's evaluation of whether expert testimony is admissible under Rule 702 is a flexible one, and the judge is given broad discretion in the determination of whether particular expert testimony is relevant and reliable. See Oglesby v. Gen. Motors Corp., 190 F.3d 244, 250 (4th Cir. 1999); see also Kumho Tire, 526 U.S. at 152. However, a witness may not generally offer to the jury his opinion as to the governing law at issue in the case. Adalman v. Baker, Watts & Co., 807 F.2d 359, 366 (4th Cir. 1986) (affirming the exclusion of testimony by expert witness which

included legal conclusions), disapproved on other grounds in <u>Pinter v. Dahl</u>, 486 U.S. 622 (1988)).

It is the role of the trial judge to distinguish opinion testimony that embraces an ultimate issue of fact from opinion testimony that states a legal conclusion. See <u>Owen v. Kerr-McGee Corp.</u>, 698 F.2d 236, 240 (5th Cir. 1983). As many courts have recognized, it is often difficult to draw the line "between proper expert evidence as to facts, the inferences to be drawn from those facts, and the opinions of the expert, on the one hand, and the testimony as to the meaning and applicability of the appropriate law, on the other hand." <u>Adalman</u>, 807 F.2d at 366. Nevertheless, it is the duty of the court to "state to the jury the meaning and applicability of the appropriate law, leaving to the jury the task of determining the facts which may or may not bring the challenged conduct within the scope of the court's instruction as to the law." <u>Id.</u>

Finally, it is important to recognize that, notwithstanding a trial court's "gatekeeping" function as to expert opinion, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." <u>Daubert</u>, 509 U.S. at 595.

### III. <u>Discussion</u>

In its motion to exclude, the defendant argues that Dr. Lyons' report of his findings makes a series of conclusory statements

5

based upon his own personal, subjective judgment without citing to any legal or industry standard. According to the defendant, nothing that Dr. Lyons could testify to from his report would be helpful to a jury. Additionally, the defendant challenges the opinions contained in Dr. Lyons' report on the basis that they are not supported by any data or scientific methodology. The plaintiff counters that even if the defendant disagrees with Dr. Lyons' opinion, Dr. Lyons' review of this case, coupled with his specialized knowledge, skill, experience, training, and education in the fields of safety, safe walk services, and risk analysis would assist the trier of fact. The plaintiff also offers to examine the legal guidelines, rules, or regulations relied upon by Dr. Lyons in reaching the opinions stated in his report during Dr. Lyons' deposition.

This Court finds that Dr. Lyons' education and professional experience qualifies him to testify as an expert. Dr. Lyons' professional resume details his significant industrial, government, teaching, and research experience and provides an extensive list of publications. (Def.'s Mot. to Exclude Ex. A.) Dr. Lyons' employment history and previous trial testimony are also listed on his resume. A letter dated December 5, 2011 from Dr. Lyons to counsel for the plaintiff confirms that Dr. Lyons reviewed the materials associated with this case and formulated his opinion based upon his unbiased engineering judgment and a review of the facts. (Def.'s Mot. to Exclude Ex. B.) In her designation of

experts, the plaintiff explains that Dr. Lyons' opinion will be based, at least in part, on depositions, discovery, photographs, documents, and interviews. (Def.'s Mot. to Exclude Ex. A.) The facts presented to this Court, at least thus far, indicate that Dr. Lyons' testimony would be both reliable and relevant and would aid the jury in determining facts in issue.

This Court notes, however, that Dr. Lyons' report does not state which legal or industry standards he relies upon to form his conclusion that the plaintiff's injuries were caused and/or contributed to by the negligently maintained and unsafe walkway surface condition. Instead, Dr. Lyons merely references his "unbiased engineering judgment." Thus, the plaintiff is directed to file a supplemental report in which Dr. Lyons sets forth any legal or industry standards he relies upon, any facts or data assessed by him in forming his opinion, and if possible, more particularity as to any exhibits that will be used to summarize this opinions, as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

IV. Conclusion

For the reasons stated above, this Court DENIES the defendant's motion to exclude the testimony of Donald Lyons but DIRECTS the plaintiff to file the supplemental report previously described. Finally, this Court DENIES the defendant's request for attorney's fees and costs.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein.

DATED: February 2, 2012

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE